IN THE UNITED STATES DISTRICT COURT
EASTER DISTRICT OF MISSOURI
EASTERN DIVISION

CONSTRUCTION LABORERS PENSION TRUST )
OF GREATER ST. LOUIS, an employee benefit )
plan, RICHARD MCLAUGHLIN, BRANDON )
FLINN, JOSE GOMEZ, DON WILLEY, RONNY )
GRIFFIN, LOU GRASSE, JEREMY BENNETT, )
JOSEPH LERITZ, DAVE GILLICK, MARK )
MURPHY, JEFF LOUIS and DOUG )
WACHSNICHT, in their representative capacities )
as Trustees of the Construction Laborers Pension )
Trust of Greater St. Louis, )
　　　　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiffs, )
　　　　　　　　　　　　　　　　　　　　　　)
vs. ) Case No.
　　　　　　　　　　　　　　　　　　　　　　)
ENVIRONMENTAL RESOURCES OF MISSOURI, )
INC., a Missouri corporation, )
　　　　　　　　　　　　　　　　　　　　　　)
　　　　Defendant. )

## COMPLAINT

Come now plaintiffs, by and through their attorneys, and for their cause of action against defendants state:

1.　　　Jurisdiction of this cause of action and the parties to it is conferred upon this Court by Sections 502(e)(1) and (f) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§1132(e)(1) and (f) and by Section 4301 of the Multiemployer Pension Plan Amendments Act of 1980 ("MEPPA"), 29 U.S.C. §1451. Venue in this Court is appropriate by virtue of Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2) and Section 4301(d) of MEPPA, 29 U.S.C. §1451(d).

2.　　　Plaintiff Construction Laborers Pension Trust of Greater St. Louis ("Pension Plan") is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the

Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§1002(1), (3), 1132 and 1145. The Pension Plan is administered from offices located within this judicial district.

3. Plaintiffs Richard McLaughlin, Brandon Flinn, Jose Gomez, Don Willey, Ronny Griffin, Lou Grasse, Jeremy Bennett, Joseph Leritz, Dave Gillick, Mark Murphy, Jeff Louis and Doug Wachsnicht are the duly designated and acting Trustees of the Pension Plan, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002 (21) (A) and 1132.

4. Defendant Environmental Resources of Missouri, Inc. ("Environmental Resources") is a Missouri corporation which at all times relevant here has conducted business within this judicial district. Defendant is and was at all times material here an employer within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§1002(5) and 1145.

5. Defendant Environmental Resources was party to collective bargaining agreements with Eastern Missouri Laborers District Council ("Laborers District Council") which required contributions to the Pension Plan.

6. Defendant experienced a complete withdrawal from the Pension Plan on or about January 3, 2022, when its collective bargaining agreement with Laborers District Council terminated.

7. After termination of its collective bargaining agreement, defendant Environmental Resources continued to perform work of the type previously covered by the collective bargaining agreement, including but not limited to work performed at 8240 St. Charles Rock Road St. Louis for ServPro on or about May 4 to May 6, 2022, and work performed at DuBourg High School on or about August 4, 2022.

8. Where an employer has an obligation to contribute under a plan for work performed in the building and construction industry, as was the case with defendant, MEPPA at 29 U.S.C. §1383(b)(2)(B) provides that a withdrawal occurs if it:

> (i) continues to perform work in the jurisdiction of the collective bargaining agreement of the type for which contributions were previously required, or
>
> (ii) resumes such work within 5 years after the date on which the obligation to contribute under the plan ceases, and does not renew the obligation at the time of the resumption.

9. The Pension Plan's actuarial consultants computed that defendant had withdrawal liability. The withdrawal liability was determined to be $374,822.

10. On August 22, 2022, the Pension Plan issued a withdrawal liability assessment to defendant. Pursuant to the assessment, defendant was required to either pay the assessed withdrawal liability of $374,822 in a lump sum or to begin making forty-one (41) quarterly interim payments of $12,111 on or before October 1, 2022 with a final payment of $9,044. The assessment further noted that defendant had the right, within ninety (90) days, to request that the Pension Plan review its assessment. A copy of this August 22, 2022 assessment is attached hereto as Exhibit 1.

11. MEPPA at 29 U.S.C. §1399(b)(2)(A)(i) provides that an employer has the right within ninety (90) days of a withdrawal liability assessment to request that a plan review the assessment.

12. MEPPA at 29 U.S.C. §1401(a)(1) provides that arbitration may be requested within 60 days of the earlier of the following dates: the date of the plan's response to the employer's request for review, or 120 days after the employer's request for review.

13. By letter from its then-counsel dated November 8, 2022, defendant requested that the Plan review its withdrawal liability assessment. See Exhibit 2 hereto.

14. Although more than 120 days have passed since defendant's November 8, 2022 request for review, defendant has not initiated arbitration pursuant to 29 U.S.C. §1401(a).

15. MEPPA at 29 U.S.C. §1401(b)(1) states:

> If no arbitration proceeding has been initiated pursuant to subsection (a) of this section, the amounts demanded by the plan sponsor under section 1399(b)(1) of this title shall be due and owing on the schedule set forth by the plan sponsor. The plan sponsor may bring an action in a State or Federal court of competent jurisdiction for collection.

16. Since defendant did not make a timely request for arbitration, the withdrawal liability assessment is now due and defendant has waived any defenses to the assessment.

17. MEPPA at 29 U.S.C. §1399(c)(5)(B) provides that in the event of a default a plan sponsor may require the immediate payment of the outstanding amount of an employer's withdrawal liability.

18. By letter dated November 9, 2022, the Pension Plan advised defendant that defendant was in default. See Exhibit 3 hereto.

19. Defendant paid only one interim installment payment of $12,111, and therefore remains in default.

20. Pursuant to 29 U.S.C. §1132, defendant is liable for interest, 20% liquidated damages, and courts costs and attorneys' fees.

WHEREFORE, plaintiffs pray this Court for judgment in their favor and against defendant for:

a) Withdrawal liability of $362,711;

b) 20% liquidated damages on this amount;

    c)      Interest on this amount;

    d)      An award of the Pension Plan's attorneys' fees and court costs;

    e)      Such other relief as the Court deems suitable.

Respectfully submitted,

HAMMOND AND SHINNERS, P.C.
13205 Manchester Road, Suite 210
St. Louis, Missouri 63131
(314) 727-1015 (Telephone)
(314) 727-6804 (Facsimile)

/s/ Greg A. Campbell
GREG A. CAMPBELL, #35381
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

A copy of the foregoing has been served by certified mail, return receipt requested to the Secretary of Labor, United States Department of Labor, P. O. Box 1914, Washington, DC 20013 and to the Secretary of Treasury, United States Treasury, 15th and Pennsylvania Avenue, Washington, DC 20220, on this 16th day of October, 2023.

/s/ Greg A. Campbell